SIMS R. RICHARDSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 19661-83.
United States Tax Court
T.C. Memo 1984-345; 1984 Tax Ct. Memo LEXIS 325; 48 T.C.M. (CCH) 459; T.C.M. (RIA) 84345; July 10, 1984. Sims R. Richardson, pro se. Danny M. Carr, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: This case was assigned to and heard by Special Trial Judge Daniel J. Dinan pursuant to the provisions of section 7456(c) and (d) [1] and General Order No. 8 (81 T.C XXIII) (1983). The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE DINAN, Special Trial Judge: Respondent determined a deficiency of $5,028.59 in petitioner's 1980 Federal income tax and an addition to tax of $251.43 pursuant to section 6653(a). After concessions by the parties, the issues for decision are (1) whether the basis of certain rental properties for depreciation purposes *326 is greater than the amount determined by respondent, (2) whether petitioner is entitled to deductions for repairs and maintenance of those rental properties in excess of the amount allowed by respondent, and (3) whether any part of petitioner's underpayment of tax for 1980 was due to negligence or intentional disregard of rules and regulations. Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioner resided in Detroit, Michigan, when he filed the petition in this case. Issue 1
Petitioner buys and renovates residential property to rent. On his 1980 return, he claimed deductions for depreciation on these rental properties. The bases claimed on his return for the residential properties at issue were as follows: Property
Basis
8223 Chalfonte
$12,172.55
3427 McDougall
34,000.00
18066 Lindsay
20,000.00
Respondent initially disallowed the claimed depreciation deductions in their entirety for failure to establish a basis in the properties. By stipulation, respondent agreed that the three rental properties were purchased for $2,000, $16,900, and $6,432, *327 respectively. He reduced each of these costs by $500 for the value of the land to arrive at depreciable basis. Petitioner contends that respondent's figures fail to reflect the substantial amounts expended in remodeling and renovating the rental properties. The evidence of additional expenditures to the McDougall and Lindsay properties is scanty. No documentation whatsoever, such as invoices, receipts or cancelled checks, was introduced to show the cost of the claimed additional work. Moreover, petitioner failed to testify in more than vague and very general terms what the renovation work consisted of. Thus, petitioner has failed to show that his basis in these two properties is greater than the amount allowed by respondent. We are convinced, however, that petitioner made substantial capital improvements to the Chalfonte property. Petitioner testified that the building was dilapidated; that a contractor did renovation work on this building, including replacing all plumbing in the bathroom, refurnishing the entire bathroom and kitchen, replastering all walls and ceilings and repairing the roof and porch. We found petitioner's testimony concerning these payments forthright *328 and persuasive. Moreover, he introduced into evidence records to show that he had obtained $9,500 in home improvement loans in order to finance the above repairs. Accordingly, we hold that petitioner has shown that the cost of the Chalfonte property for depreciation purposes was $9,500 greater than the $2,000 allowed by respondent. Issue 2
On his 1980 return, petitioner claimed deductions for repairs and maintenance of the Chalfonte, McDougall, and Lindsay rental properties in the amounts of $8,108.10, $2,917.50, and $10,261.07, respectively, for a total of $21,286.67. Respondent initially disallowed all of the above amounts for lack of substantiation, but has stipulated to petitioner's entitlement to a total of $2,966.54 in rental expense deductions. Although we lack documentation for some of the disallowed expenses, we found petitioner's testimony credible, and thus have approximated the additional expenses be incurred. Cohan v. Commissioner,39 F.2d 540, 544 (2d Cir. 1930). We hold that petitioner is entitled to deduct the following expenses in addition to those allowed by respondent: Expenses
Chalfonte
McDougall
Lindsay
Insurance
$77.12
Interest
$471.80
Rental Service
120.50
Labor
4,730.71
$676.00
Utilities
150.00
Auto
178.00
141.00
Stolen Items
550.00
3,250.00
*329 Issue 3
On the record before us we conclude that petitioner's 1980 return was not made negligently or with intentional disregard of rules and regulations, and we hold that respondent erred in asserting the section 6653(a) addition to tax. Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩